Nathan R. Marigoni (#14885)
BALLARD SPAHR LLP
One Utah Center, Suite 800
201 South Main Street
Salt Lake City, Utah 84111-2221
Telephone:  (801) 531-3000
Facsimile:  (801) 531-3001
marigonin@ballardspahr.com

Noah S. Robbins*
BALLARD SPAHR LLP
1735 Market Street
51st Floor
Philadelphia, PA 19103
Telephone:  (215) 665-8500
Facsimile:  (215) 864-8999
robbinsn@ballardspahr.com

*Pro hac vice to be filed

Attorneys for Plaintiff Houwzer, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| **HOUWZER, INC.,**<br><br>           **Plaintiff,**<br><br>**v.**<br><br>**HOUSER, LLC and MIKE SHEHAN,**<br>           **Defendants.** | **COMPLAINT**<br><br>Case No.<br><br>Honorable |

Plaintiff, Houwzer, Inc. ("Houwzer"), by and through its undersigned counsel, submits the following Complaint against Defendant Houser, LLC ("Houser") and Mike Shehan (collectively, "Defendants") and in support thereof avers as follows:

## THE PARTIES

1. Houwzer is a corporation organized under the laws of the State of Delaware with a principal place of business located at 1435 Walnut Street, 3rd Floor, Philadelphia, PA 19103.

2. Upon information and belief, Defendant Houser, LLC is a limited liability company organized under the laws of the State of Utah with a principal place of business located at 7281 South Milne Garden Circle, Cottonwood Heights, Utah 84047.

3. Upon information and belief, no member of Defendant Houser, LLC is a citizen of Delaware or Pennsylvania.

4. Upon information and belief, Defendant Mike Shehan is a resident of the State of Utah residing in Midvale, Utah and, upon information and belief, is the principal of Defendant Houser.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as a result of Plaintiff's claims arising under Federal law. This Court has supplemental jurisdiction over all related state and common law claims pursuant to 28 U.S.C. §1367. Alternatively, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the action arises between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. This Court has personal jurisdiction over Defendants because they are residents of the State of Utah, found within the State of Utah and have purposefully directed their unlawful activities from the State of Utah and to the citizens of the State of Utah.

7. Venue lies in the District of Utah pursuant to 28 U.S.C. §1391 because, as set forth more fully below, Defendants committed violations of the Lanham Trademark Act in this

Judicial District. As a result, a substantial part of the events giving rise to the claims in this Complaint occurred within this Judicial District.

## THE PARTIES

8. Plaintiff Houwzer is a Delaware corporation with its principal place of business in Philadelphia, Pennsylvania.

9. Founded in 2015, Houwzer introduced a modern way of purchasing real estate by foregoing the traditional percentage fee based compensation model employed by competitors.

10. Rather than charging the same commission fee to customers, Houwzer's business model includes selling a customer's existing home for a flat fee as opposed to the standard three percent (3%) listing fee that is typical in the industry.

11. Houwzer's unique pricing model saves homeowners an average of approximately $15,000 when selling their homes.

12. Houwzer is the owner of United States Trademark Registration No. 5,323,302 for HOUWZER® (the "HOUWZER® Mark") in connection with "Real estate brokerage services, namely, real estate brokerage, escrow services, and arranging for title insurance; insurance services related to real estate transactions, namely, title insurance consultation, title insurance claims processing, and real estate escrow services."

13. This registration constitutes *prima facie* evidence of the validity of the registered mark and of Houwzer's exclusive right to use the HOUWZER® Mark on or in connection with the services specified in the federal registrations. 15 U.S.C. § 1115.

14. The HOUWZER® Mark has been used continuously in commerce since 2015.

15. Houwzer's unique business model and commitment to service excellence has led to it becoming one of the fastest growing real estate companies in the United States.

16. For example, Inc. magazine named Houwzer the fastest growing salaried-agent brokerage and the fifth fastest growing real estate brokerage overall.

17. Upon information and belief, Defendants operate a real estate lead generation service. Specifically, Defendants "connect home buyers and sellers to amazing real estate professionals (real estate & lending pros) in their local communities." http://www.houser.com/news.

## GENERAL ALLEGATIONS

18. Upon information and belief, Defendants began using the infringing "Houser" mark in or about 2020.

19. Upon information and belief, Defendants intentionally selected the confusingly similar "Houser" mark to trade upon the goodwill residing in Plaintiff's HOUWZER® Mark.

20. Defendants' infringing "Houser" mark is visually and phonetically similar to Plaintiff's HOUWZER® Mark and is being used in connection with similar and highly-related services.

21. Moreover, the Parties target the same exact consumer group, namely those looking to purchase or sell real estate.

22. Defendants are also using the marketing tagline "The Better Way Home."

23. On April 11, 2017, Houwzer filed a United States Trademark Application for the mark FIND A BETTER WAY HOME under Section 1(a) (use based registration) of the Lanham Act.

24. While Houwzer ultimately abandoned its FIND A BETTER WAY HOME application, Defendants use of a virtually indistinguishable slogan as that previously used by Houwzer is further indicative of Defendants' bad faith intent in selecting the "Houser" mark.

25. Defendants continued to use the HOUWZER® Mark after Houwzer's counsel transmitted a cease and desist message on March 24, 2021 to Defendants Houser, LLC and Mr. Shehan.

26. Upon information and belief, Defendant Shehan actively and knowingly caused the selection and use of the infringing "Houser" mark as he is the principal of Defendant Houser, LLC, personally received and refused to comply with the cease and desist letter, and, more recently, personally contacted Houwzer in an effort to sell the infringing "Houser" mark to Houwzer.

27. Defendants' unauthorized use of the "Houser" mark is likely to cause confusion, to cause mistake, and to deceive consumers as to the affiliation or association of Defendants with Houwzer, or sponsorship by Houwzer, as to the origin of services offered by Defendants under the infringing "Houser" mark.

28. Defendants' actions have caused harm and will continue to cause harm to Houwzer and the goodwill residing in the HOUWZER® Mark.

29. Defendants' conduct was willful and malicious and manifested a knowing and reckless indifference toward, and a disregard of, the rights of Houwzer and consumers.

**FIRST CLAIM FOR RELIEF**
**(Infringement of Trademark, Violation of 15 U.S.C. § 1114)**

30. Houwzer incorporates by reference the allegations of ¶¶ 1-29 above as if fully set forth herein.

31. Houwzer is the owner of the HOUWZER® Mark and has registered the same with the United States Patent and Trademark Office.

32. Defendants' use of the HOUWZER® Mark is without Houwzer's authorization, permission, or license and does not otherwise constitute a permissible use.

33. Defendants' use of the HOUWZER® Mark has been willful and deliberate, and designed specifically to trade upon the enormous goodwill associated with the HOUWZER® Mark, and as a result, Defendants have caused damage.

34. Defendants' actions are ongoing and continuing.

35. Defendants' unauthorized use of the HOUWZER® Mark is likely to lead consumers and other members of the public, to believe the services offered by Defendants are associated with, sponsored by, related to, affiliated with, or originated by Houwzer when, in fact, they are not and did not.

36. Houwzer has been damaged by Defendants' infringement of the HOUWZER® Mark, in an amount to be proven at trial, and Houwzer is entitled to treble damages, costs, and attorneys' fees, pursuant to 15 U.S.C. § 1117.

37. Houzwer's goodwill is of tremendous value and Houwzer will suffer irreparable harm should Defendants' infringement be allowed to continue to the detriment of Houwzer's reputation and goodwill.

38. Defendants' infringement will continue unless enjoined by this Court and with respect to these continuing violations, Houwzer has no adequate remedy at law and is therefore entitled to injunctive relief.

## SECOND CLAIM FOR RELIEF
### (False Designation of Origin, Federal Unfair Competition/False Advertising, Violation of 15 U.S.C. § 1125(a))

39. Houwzer incorporates by reference the allegations of ¶¶ 1-38 above as if fully set forth herein.

40. Defendants' willful acts in connection with the use of the "Houser" mark and false designation of the origin of Defendants' services are likely to cause confusion or mistake or to deceive as to Defendants' affiliation, connection, or association with Houwzer.

41. Defendants' acts as alleged herein constitute false designation of origin, unfair competition, and false advertising in violation of 15 U.S.C. § 1125(a).

42. Houwzer has been damaged by Defendants' conduct in an amount to be proved at trial. Houwzer is also entitled under the Lanham Act to injunctive relief, actual damages, and disgorgement of Defendants' profits.

## THIRD CLAIM FOR RELIEF
### (State Deceptive Trade Practices)

43. Houwzer incorporates by reference the allegations of ¶¶ 1-42 above as if set forth fully herein.

44. Defendants' acts constitute deceptive trade practices, including, among others, causing the likelihood of confusion or of misunderstanding as to the source, sponsorship, or approval of goods or services, or causing the likelihood of confusion or of misunderstanding as to affiliation, connection, or association with another, in violation of the laws of the various states, including the Utah Truth in Advertising Act, Utah Code Ann. §§ 13-11a-1 *et seq.*

45. As a consequence, Defendants are liable to Houwzer for actual damages or $2,000, whichever is greater, costs, and attorneys' fees, and Houwzer is entitled to injunctive relief, as provided by Utah Code Ann. § 13-11a-4.

WHEREFORE, Houwzer requests judgment as follows:

A. That Defendants, and all those acting in concert with them, be permanently enjoined from using the "Houser" mark and any other mark that is confusingly similar to Plaintiff's HOUWZER® Mark;

B. That Defendants be Ordered to transfer ownership of the infringing www.houser.com domain name to Plaintiff;

C. That Houwzer be awarded actual damages and statutory damages, in an amount to be proven at trial;

D. That Houwzer be awarded treble damages, under 15 U.S.C. § 1117, in an amount to be proven at trial;

E. That Defendant pay to Houwzer all of the profits derived from use of the infringing "Houser" mark;

F. That Houwzer be awarded actual damages or $2,000, whichever is greater, under Utah Code Ann. § 13-11a-4;

E. That Houwzer be awarded attorneys' fees and costs incurred herein; and

F. That Houwzer be awarded such other and further relief as the Court deems just and proper.

DATED this 17th day of September 2021.

        /s/ Nathan R. Marigoni
        Nathan R. Marigoni, Esq.
        Noah S. Robbins, Esq.
        BALLARD SPAHR LLP
        Attorneys for Plaintiff Houwzer, Inc.